UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JAMES JOYCE, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ARMSTRONG TEASDALE, LLP )<br>)<br>    Defendant. ) | Civil Action No. 4:08-CV-01390<br><br><u>JURY TRIAL DEMANDED</u> |

**FIRST AMENDED COMPLAINT**

**Count I**

COMES NOW Plaintiff and for his first cause of action states as follows:

1. James Joyce is a citizen of the State of Arkansas and currently resides in Little Rock, Arkansas.

2. Armstrong Teasdale, LLP is a Limited Liability Partnership in good standing with the State of Missouri with its principal place of business located in St. Louis, Missouri. Armstrong Teasdale is a law firm employing many attorneys, paralegals, and other support staff providing legal services to businesses and individuals both within the St. Louis community, nationally and internationally.

3. This Court has jurisdiction over the claims asserted herein under 28 U.S.C. §1332 as the parties to this cause of action are citizens of different states and the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(1) because the Defendant maintains its principal office in this District and the alleged wrongdoing occurred within this District.

5.  Before 2000 Plaintiff had invented a new computer firewall technology that was designed to provide greater security and privacy to guard the integrity of computers and computer networks than was then currently existing.  It was based upon heuristic or interactive concepts creating a behavior based security system rather than a rules based system which existed.  This Heuristic Firewall more efficiently detects attacks on computer networks within real time to reduce losses from external attacks by foiling a broader range of attacks, extends the abilities of firewalls and increases performance of computer networks.

6.  In February, 2000, Plaintiff and his then wife formed a limited liability corporation, TechGuard Security, LLC (hereinafter, TechGuard), for the purpose of economically exploiting Plaintiff's technology and providing other computer information and technology services to individuals, businesses and governmental agencies.

7.  Defendant Armstrong Teasdale created many of the initial documents that established the corporation and the method by which it would operate.  From February, 2000 until dismissed by TechGuard in 2008, Defendant Armstrong Teasdale provided legal services through its attorneys for TechGuard, including services associated with the economic exploitation of the technology Plaintiff developed.

8.  Shortly after the formation of TechGuard, the initial units of ownership were subscribed as follows: Plaintiff's then wife (4.9 million units), Plaintiff (3.9 million units), Andrea Johnson (1 million units) and Jeffery Johnson (300,000 units).  The ownership was apportioned so that TechGuard could become certified as a majority woman-owned business enterprise and as a small, disadvantaged business under the Small Business Administration business development program.  As a minority owned business, TechGuard hoped to obtain

government related contracts for better economic exploitation of Plaintiff's invention and for its other services offered customers.

9. TechGuard's certification by the Small Business Administration Bureau was initially rejected. Thereafter, Plaintiff transferred 700,000 units of his ownership to Andrea Johnson who also received the ownership interests of her husband, Jeffrey. TechGuard then received the necessary Small Business Administration certification and qualified for government contracts as a minority owned business.

10. From the inception of TechGuard until his termination with that company, Plaintiff was the Co-Chief Executive Officer and Chief Technology Officer of the company.

11. After TechGuard was formed, Plaintiff entered into a contract with the company whereby all technology that he helped to develop while employed by the company would be owned by TechGuard, except for the Heuristic Firewall technology, which he had begun before the company was formed as referenced above. That agreement, although signed after May 2000 was dated February 22, 2000, the date TechGuard was incorporated. See a copy of the Confidentiality and Invention Rights Agreement attached hereto and incorporated herein as Exhibit A.

12. Shortly after TechGuard was formed, Defendant Armstrong Teasdale represented Plaintiff, individually, in applying for a patent on the Heuristic Firewall technology. From before the filing for the application for the patent for the Methods and Apparatus for Heuristic Firewall, through the filing of that patent on April 14, 2000 and through the granting of that patent in February, 2003, members of Defendant Armstrong Teasdale continued to represent Plaintiff, individually, in securing that patent issued by the United States Patent Office.

13. For example, Alan Cassel, then a member of Defendant Armstrong Teasdale, filed the initial patent application for Plaintiff on April 14, 2000. That initial application included specifications; claims and an abstract; a declaration and power of attorney; drawings; patent application transmittal; transmittal of the fee; a statement claiming small entity status; and proper certificates of mailing.

14. In the declaration and power of attorney, Plaintiff was listed as the sole or first inventor and appointed John Beulick, Patrick Rasche, Michael Tersillo, Donald Holland, Tara Nealey, Bruce Atkins, Alan Cassel, Elizabeth O'Dell, Stephen Cooper, Robert Slenker, Robert Reeser, III, and Natu Patel, all of Defendant Armstrong Teasdale, as his attorneys and/or agents with the authority to prosecute his patent application. The statement claiming small entity status, prepared by Alan Cassel of Defendant Armstrong Teasdale, signed by Plaintiff and filed with Plaintiff's patent application, stated that Plaintiff had not assigned, conveyed or licensed the Heuristic Firewall technology and was under no obligation to assign, convey or license it.

15. In April, 2000, Plaintiff was the sole owner of that Heuristic Firewall technology. TechGuard had no rights in that technology. TechGuard did not even have rights to any continued development of that technology even if Plaintiff enhanced that technology while employed by TechGuard.

16. During Defendant Armstrong Teasdale's representation of Plaintiff throughout the patent application process, Defendant Armstrong Teasdale filed many documents on behalf of Plaintiff including, but not limited to, a petition to make special under the anti-terrorism program, an international search report, a petition for an accelerated declaration, amendments to various initial documents filed with the original patent application, responses to initial rejections

of the patent application by the primary examiner, and other and necessary filings and submissions so that Plaintiff could receive the patent on the Heuristic Firewall.

17. Plaintiff received the patent for the methods and apparatus for Heuristic Firewall on February 11, 2003 by the United States Patent Office, Patent No. 6519703.

18. However, after May 2000, Defendant Armstrong Teasdale prepared a Transfer Agreement while representing both Plaintiff and TechGuard. Plaintiff signed the Transfer Agreement stating that he retained ownership of the Heuristic Firewall technology, but agreed to license it exclusively to TechGuard for no royalty fee. It was dated February 22, 2000 to coincide with the date of incorporation of TechGuard. See copy of the Transfer Agreement attached hereto and incorporated herein as Exhibit C. Defendant Armstrong Teasdale later prepared the Confidentiality and Invention Rights Agreement and the Transfer Agreement while representing both TechGuard and Plaintiff. Still later, Defendant Armstrong Teasdale prepared a Patent License Agreement whereby Plaintiff licensed his Heuristic Firewall technology exclusively to TechGuard for no fee also while representing both TechGuard and Plaintiff. Plaintiff signed that agreement. See copy of the Patent License Agreement attached hereto and incorporated herein as Exhibit B.

19. A Defendant Armstrong Teasdale attorney advised Plaintiff to sign the Patent License Agreement and told Plaintiff that it was not necessary for him to have separate legal counsel. The Defendant Armstrong Teasdale attorney also told Plaintiff that since Plaintiff and his then wife were majority shareholders, that his interests in the Heuristic Firewall were sufficiently protected. At no time did Defendant Armstrong Teasdale advise Plaintiff that it only represented TechGuard and that he should seek other counsel or that he should consult with other

counsel before signing any of the referenced agreements.

20.     Defendant Armstrong Teasdale, as attorney for Plaintiff, owed Plaintiff the duty of utmost loyalty, a fiduciary duty, to protect Plaintiff's interests and to help him receive a good, reasonable and fair fee for licensing the Heuristic Firewall technology, to otherwise protect his interest in this technology and its development and to protect his interests therein against any possible future happening in TechGuard's development and/or in his personal life.

21.     TechGuard received a grant from the National Institute of Standards and Technology (hereinafter, NIST) for the further development of the Heuristic Firewall technology that Plaintiff created and patented.  Plaintiff was the principal investigator and developer of the further research under that NIST grant.

22.     The further development of the Heuristic Firewall technology made pursuant to that NIST grant has led to an expansion of the capabilities of the Heuristic Firewall technology which Plaintiff patented.

23.     In August 2006, Plaintiff applied for a second patent on the expansion and development of the Heuristic Firewall, termed the H.I.P.P.I.E. technology.  That second generation technology or advancement of the first Heuristic Firewall technology is premised upon and incorporates the technology from Plaintiff's first patent.

24.     In February, 2006, Defendant Armstrong Teasdale represented Plaintiff by filing a provisional application for a patent of a H.I.P.P.I.E. technology premised on Plaintiff's patented technology.  Thereafter, in November 2006, Defendant Armstrong Teasdale filed for a patent of the H.I.P.P.I.E. technology on behalf of TechGuard and/or its employees which was also based upon the expansion and development of the Heuristic Firewall technology, excluding Plaintiff

from that patent application and in conflict with Plaintiff's interests and in violation of Defendant Armstrong Teasdale's fiduciary duties of utmost loyalty to Plaintiff as his attorney.

25. Defendant Armstrong Teasdale breached its fiduciary duty of utmost loyalty to Plaintiff in one or more of the following respects:

    a. It acted in conflict with Plaintiff's interests and created the Transfer Agreement, Patent Licensing Agreement and Confidentiality and Invention Rights Agreement that benefitted its other client, TechGuard, to the extreme detriment of and damage to Plaintiff;

    b. It advised Plaintiff to sign all three agreements;

    c. It failed to advise Plaintiff that he should secure separate counsel to advise him as to whether he should sign any of the agreements or negotiate different and more favorable terms for any of those agreements;

    d. It acted in conflict with Plaintiff's interests by excluding him from the application for a patent on the H.I.P.P.I.E. technology and working to secure that patent application on behalf of others; and

    e. It failed to obtain Plaintiff's waiver of its conflict of interest in representing both Plaintiff and TechGuard with regard to all three agreements, and before acting to exclude Plaintiff from the patent application it filed on behalf of others on the H.I.P.P.I.E. technology.

26. Plaintiff never waived any conflict of interest that Defendant Armstrong Teasdale had in representing TechGuard and/or others and in representing Plaintiff.

27. TechGuard did not make the first sale of Plaintiff's patented technology, the

Heuristic Firewall, until sometime in 2005.  To Plaintiff's knowledge, there have been no sales of the patented technology other than those made by TechGuard.  Plaintiff was not damaged by Defendant Armstrong Teasdale's breach of fiduciary duty until those first sales occurred.

28.     As a direct and proximate result of Defendant Armstrong Teasdale's breaches of its fiduciary duty to Plaintiff, Plaintiff has not and will not receive licensing fees that he should have received and should in the future receive from the sales of the patented technology or any other technology that substantially incorporates or improves upon the patented technology and Plaintiff may not receive income from the H.I.P.P.I.E. technology and/or Plaintiff has not had his rights in the patented technology returned to him and/or in other ways did not have his rights in the patented technology protected so that he has lost the value of it.

29.     In 2006, Plaintiff left the employ of TechGuard.  In 2007, Plaintiff was divorced from Suzanne Magee.  In the divorce decree, Ms. Magee was awarded fifty percent (50%) of the Heuristic Firewall patent.  In spite of that, Plaintiff has lost and will continue to lose considerable income from not having a proper and fair licensing agreement for the patented Heuristic Firewall technology and/or its improvement and/or he has not had his full rights in the patented technology returned to him which he would have had but for the breach of fiduciary duty of Defendant Armstrong Teasdale.  Plaintiff's damages as a result of that breach are ongoing and will continue into the future.  They exceed the jurisdictional threshold for this Court for diversity jurisdiction of this cause of action.  Plaintiff has also been caused to lose fees he should receive from the H.I.P.P.I.E. technology as a direct result of Defendant Armstrong Teasdale's breach of its fiduciary duty.  Those losses also are ongoing and will continue into the future.

30.     In 2003 TechGuard had the Heuristic Firewall technology valued by a company

specializing in valuations of technology, which determined that the licensing royalty value of Plaintiff's patented technology was in the high hundreds of millions dollars and the enterprise value exceeded several billion dollars.

WHEREFORE, Plaintiff prays that this Honorable Court award him damages in an amount yet to be determined that is fair and reasonable for Defendant Armstrong Teasdale's breaches of its fiduciary duty and grant such other and further relief as this Court deems just under the circumstances herein.

### Count II

COMES NOW Plaintiff and for his second cause of action states as follows:

31. Plaintiff incorporates herein all allegations made heretofore.

32. Although Plaintiff believes that his cause of action for Defendant Armstrong Teasdale's acting in conflict with his interests as its client is for breaches of its fiduciary duty to Plaintiff, out of an abundance of caution Plaintiff also asserts a claim herein that Defendant Armstrong Teasdale acted below the standard of care.

33. By acting in conflict with the interests of Plaintiff, its client, as set forth above Defendant Armstrong Teasdale failed to act with the requisite skill and learning ordinarily exercised by members of the legal profession under the same or similar circumstances and was thereby negligent.

34. As a direct and proximate result of Defendant Armstrong Teasdale's negligence, Plaintiff has been damaged as set forth above.

WHEREFORE, Plaintiff prays that this Honorable Court award him damages in an amount yet to be determined that is fair and reasonable for Defendant Armstrong Teasdale's

negligence and grant such other and further relief as this Court deems just under the circumstances herein.

          /s/ Laurence D. Mass
          Federal Bar #11373, State Bar # 30977
          230 S. Bemiston Ave., Suite 1200
          St. Louis, Missouri 63105
          (314) 862-3333 ext. 20
          (314) 862-0605 facsimile

          ***ATTORNEY FOR PLAINTIFF***