UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES JOYCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08-CV-1390 (CEJ) |
| ) | |
| ARMSTRONG TEASDALE, LLP, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on remand from the United States Court of Appeals for the Eighth Circuit to determine whether complete diversity of citizenship existed between plaintiff James Joyce and defendant Armstrong Teasdale, LLP on September 12, 2008, the date this lawsuit was filed.  In the remand order, this Court was directed "to conduct jurisdictional discovery" to determine whether defendant had partners domiciled in China or in the State of Arkansas on the date the complaint was filed.  Defendant timely submitted memoranda and necessary evidence to address the issue of whether diversity jurisdiction existed on September 12, 2008.  Plaintiff submitted a response stating that he had no facts to present separate from those presented by defendant.

### Discussion

Federal courts have subject matter jurisdiction based on diversity of citizenship if plaintiff and defendant were "citizens of different States" at the time the lawsuit was filed.  28 U.S.C. § 1332(a)(1).  "To satisfy diversity jurisdiction, all partners in a partnership must be diverse from the parties on the opposing side, and the partnership's principal place of business is irrelevant to this inquiry."  Joyce v. Armstrong Teasdale, LLP, No. 10-1362, order (8th Cir. Aug. 9, 2010) (*citing* Lincoln

Property Co. v. Roche, 546 U.S. 81, 84 n.1 (2005)). "In addition, several circuits have concluded that if a partnership has among its partners any American citizen who is domiciled abroad, the partnership cannot sue (or be sued) in federal court based upon diversity jurisdiction." Id. (*citing* Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 183 (3d Cir. 2008)).

To determine citizenship for the purpose of diversity jurisdiction, courts examine a number of factors including: (i) where the person resides or owns real property; (ii) where and for what entity the person works; (iii) where the person votes; (iv) the state that issues the person's driver's license; (v) where the person seeks medical treatment or financial advice; (vi) where the person pays taxes; and (vii) what the person states regarding his or her intent to remain permanently in any location. Sheehan v. Gustafson, 967 F.2d 1214, 1216 (8th Cir. 1992). A person's domicile persists until a new one is acquired. Holmes v. Sopuch, 639 F.2d 431, 434 (8th Cir. 1981). Transitory absence from the state does not diminish the person's domicile in that state, unless it becomes his intention to indefinitely reside at that new location. Id.

Plaintiff alleges in his complaint that he is a citizen of Arkansas. According to the affidavit of defendant's general counsel, defendant is a limited liability partnership organized under the laws of the State of Missouri, and on September 12, 2008, defendant did not have an office in Arkansas, and none of defendant's partners were citizens of the State of Arkansas.

Defendant has a branch office in Shanghai, China. However, defendant had only one partner who was in that office on September 12, 2008, Gentry Sayad, who is a United States citizen. In his affidavit, Mr. Sayad states that he remained a domiciliary of Missouri, notwithstanding his temporary assignment to defendant's Shanghai office.

Mr. Sayad further states that he planned to return to St. Louis following his temporary assignment in Shanghai, as evidenced by the fact that he retained personal property in St. Louis, paid Missouri taxes, voted in Missouri and maintained a Missouri driver's license.

Based on the parties' submissions, the Court concludes that diversity jurisdiction existed on September 12, 2008. the date this lawsuit was filed.

Accordingly,

**IT IS HEREBY ORDERED** that, in accordance with the remand order, the Clerk of the Court shall certify this Memorandum and Order and forward the original file to the United States Court of Appeals for the Eighth Circuit.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of September, 2010.